**Barbara Jean FORD**

v.

**State of MARYLAND**

**No. CIV. JFM–99–3580.**

United States District Court, D. Maryland.

Oct. 31, 2002.

---

Robin R. Cockey, Cockey Brennan and Maloney, Salisbury, MD, for Plaintiff.

Scott S. Oakley, Maryland Department of Public Safety and Correctional Services, State of Maryland Office of the Attorney General, Public Safety and Correctional, Baltimore, MD, J. Joseph Curran, Jr., State of Maryland Office of the Attorney General, Baltimore, MD for Defendant.

### MEMORANDUM

MOTZ, District Judge.

On a motion by defendants, I previously dismissed all of the claims asserted by plaintiff. On appeal, the Fourth Circuit affirmed all of my rulings with one exception. *Ford v. Simms*, No. 00–1649, 2001 WL 1598078 (4th Cir. Dec. 14, 2001). It held that the allegation in paragraph 23 of the complaint that "[w]hen ... it became clear that Ms. Ford [plaintiff] had no intention of renewing her relationship with Warden Logan, he, on a pretext, directed Ms. Ford's probationary status as a Sergeant be extended [to retaliate] against Ms. Ford ..." was sufficient to state a claim under Title VII.

Defendant has now filed a renewed motion for summary judgment. Attached to the motion is an affidavit from Paula Brittingham, a personnel specialist with the Maryland Department of Public Safety and Correctional Services at the Eastern Correctional Institution, where plaintiff was employed. Ms. Brittingham avers that she is the person responsible for having extended plaintiff's probationary period. According to Ms. Brittingham, the reason she took this action was that the last of the quarterly drug tests that had to be administered before plaintiff's promotion to Sergeant could be finalized could not be performed unless the probation period was extended. Ms. Brittingham also avers that after the probation was extended, a drug test was promptly scheduled for plaintiff, that she passed the test, and that the probation was terminated (resulting in the finalization of plaintiff's promotion to Sergeant).

In opposing defendant's summary judgment motion, plaintiff merely reiterates her allegation that Warden Logan told her, when she refused to renew her affair with him, that he would "make life difficult for me" and that she attributes the extension of the probationary period to Warden Logan. She asserts no basis for personal knowledge of that fact. Moreover, she erroneously states (as evidenced by a supplemental affidavit submitted by Ms. Brittingham with defendant's reply memorandum) that she was the only one of thirty-six new promoted officers at ECI whose probation was extended. In fact, the probation period of at least one other officer, Amanda Brimer, who had also been promoted to Sergeant was extended for the same reason as was plaintiff's.

Under these circumstances, the record does not create a genuine issue of material fact as to the reason for the extension of plaintiff's probationary period. Fed. R.Civ.P. 56(e). Moreover, in light of the fact that the probationary period was terminated and plaintiff's promotion finalized, she suffered no adverse effect in compensation, terms, conditions, or privileges of her employment. *See, Dennis v. County of Fairfax,* 55 F.3d 151 (4th Cir.1995); *see also Breaux v. City of Garland,* 205 F.3d 150 (5th Cir.2000); *Spriggs v. Pub. Serv. Comm'n of Maryland,* 197 F.Supp.2d 388 (D.Md.2002).

A separate order granting defendant's motion is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 31st day of October 2002

ORDERED

1. Defendant's renewed motion for summary judgment is granted; and

2. Judgment is entered in favor of defendant against plaintiff.